IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL ANTHONY SPURGEON, § | |
| #95987 (BOP #48420-177), § | |
| PETITIONER, § | |
| § | |
| V. § | CIVIL CASE NO. 3:20-CV-2797-K-BK |
| § | |
| UNITED STATES, ET AL., § | |
| RESPONDENTS. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Michael Anthony Spurgeon's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the petition should be **DISMISSED WITHOUT PREJUDICE**.

**I.   BACKGROUND**

Spurgeon pled guilty to conspiring to possess methamphetamine with the intent to distribute and, on August 19, 2015, was sentenced to 150 months' imprisonment, to "run concurrently with any sentence imposed in Defendant's parole violation proceedings under Case Nos. F-2008-0939 and F-2008-0940 in the 16th Judicial District Court of Denton County, Denton, Texas." *United States v. Spurgeon*, No. 3:14-CR-221-K, Crim. Doc. 428 (N.D. Tex., Dallas Div., Aug. 19, 2015). The judgment also provided that "[t]he defendant shall receive credit for time served in federal custody prior to sentencing." *Id.* Subsequently, on September 8, 2020, Spurgeon filed a letter-motion seeking "credit for all the time I have served on this charge

and sentence," which was docketed as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 3.  The Court subsequently ordered Spurgeon to file a habeas corpus petition on the court-authorized form, Doc. 4, which he has since done, Doc. 5.

In his amended petition, Spurgeon alleges that (1) he fully served his sentence in the Texas Department of Criminal Justice Correctional Institution Division ("TDCJ-CID") stemming from his parole revocation on his Denton County convictions, (2) TDCJ-CID released him on June 22, 2020, and (3) he was later transferred to the Randall County Jail in Amarillo, Texas, where he is presently confined on a "hold other jurisdiction." Doc. 5 at 3, 5-6; *see also* Randall County Jail Roster.[1]  By this action, Spurgeon seeks "all credit for the time [he has] been locked up from November 2013 to the current date." Doc. 5 at 6-7.

Upon review, the Court finds that Spurgeon has yet to exhaust his administrative remedies.  Therefore, his petition should be dismissed without prejudice.

## II.   ANALYSIS

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief.  *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under § 2241 without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of a habeas petition).[2]

The Attorney General, through the Bureau of Prisons ("BOP"), has the responsibility to

---

[1] The Randall County Jail Roster is available at http://www.rc-sheriff.com/jail-roster.php (last accessed Oct. 6, 2020).

[2] Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES renders the 2254 Rules applicable to habeas petitions not covered by Section 2254.

calculate credit under 18 U.S.C. § 3585 for any time spent in official detention. *See Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) (per curiam) (citing *United States v. Wilson*, 503 U.S. 329, 333-335 (1992)); *see also United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992) (concluding "§ 3585(b) does not authorize a district court to compute credit for time spent in official detention at sentencing, but . . . credit awards are to be made by the Attorney General, through the Bureau of Prisons after sentencing."). Although Section 3585 does not refer to the Attorney General, it is well established that federal prisoners must exhaust their administrative remedies before seeking judicial review. *See United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010) (quoting *Dowling*, 962 F.2d at 393) (recognizing that federal prisoners must exhaust their administrative remedies before seeking federal habeas relief), *aff'd on other grounds*, 566 U.S. 231 (2012); *Rourke v. Thompson,* 11 F.3d 47, 49 (5th Cir. 1993) (finding that federal prisoner seeking habeas relief under § 2241 "'must first exhaust his administrative remedies through the Bureau of Prisons'") (quoting *United States v. Gabor,* 905 F.2d 76, 78 n. 2 (5th Cir. 1990)).

      Here, Spurgeon concedes that he has yet to exhaust his administrative remedies through the BOP. Doc. 5 at 2 (admitting in his federal petition that he only wrote to this Court). Indeed, Spurgeon cannot exhaust his administrative remedies until he is transferred to the custody of the BOP. *See* Bureau of Prison Inmate Locator (reflecting Spurgeon is "not in BOP custody").[3] Therefore, dismissal without prejudice is warranted. *See Williams v. Willis*, 765 F. App'x 83, 84 (5th Cir. 2019) (per curiam) (affirming dismissal of federal prisoner's § 2241 habeas petition seeking credit for time served in state custody as unexhausted).

---

[3] The BOP inmate locator is available at https://www.bop.gov/inmateloc/ (last accessed Oct. 6, 2020).

### III. CONCLUSION

For the foregoing reasons, Spurgeon's habeas corpus petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**SO RECOMMENDED** on October 8, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).